**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY J. MILLS, | Civil No.: 06-6018 (JBS) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| MARY ELLEN MURPHY, |  |
| Defendant. |  |

**APPEARANCES:**

Anthony J. Mills, Pro Se
#169113
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08102

**SIMANDLE**, District Judge

   Plaintiff Anthony J. Mills is currently confined at the Camden County Correctional Facility, Camden, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.

   At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that on September 25, 2006, Prosecutor Mary Ellen Murphy, the sole defendant in this case, "stated a very untrue remark in the court of law about me (slandering my character)."  Due to the "untrue remark," which Plaintiff characterizes as "a lie," Plaintiff's family has "cut him off" and does not want anything to do with him.  He has suffered emotional pain from these events.  Further, the statement was printed in the Courier Post, presumably a newspaper in the area, and Plaintiff has received threats on his life and hate mail.  Plaintiff states that he will be unable to receive a fair trial in the county due to the remark and that he has been "prejudged already by society."

Plaintiff asks for monetary relief.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are

routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

**B.     Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Plaintiff's Claims Will Be Dismissed.**

   1.    Plaintiff's Claims are Barred by *Younger*.

First, Plaintiff's claims regarding ongoing state criminal proceedings, including his inability to have a fair trial in Camden County, are essentially a matter of state law procedure. It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues

4

involved may be addressed adequately in the course of the state proceedings. See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings). The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, state proceedings implicating important state interests are ongoing; therefore, Plaintiff has the opportunity to raise his instant claims in those proceedings. Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending. See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997). Therefore, Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

    2.   <u>Prosecutors are Immune from Suit.</u>

Defendant Murphy, as a prosecutor in Camden County, is immune from damages for actions taken in her official prosecutorial capacity. The seminal case on prosecutorial immunity is <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). In <u>Imbler</u>, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." 424 U.S. at 431. Specifically, a prosecutor is absolutely immune when making a decision to prosecute, "even where [s]he acts without a good faith belief that a wrongdoing has occurred." <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463-64 (3d Cir. 1992); <u>see also</u> <u>Rose v. Bartle</u>, 871 F.2d 331, 343 (3d Cir. 1989).

In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. <u>Kulwicki</u>, 969 F.2d at 1464. In this case, defendant Murphy is accused of making an untrue statement in the course of court proceedings. However, defendant Murphy, in doing so, was clearly acting in her prosecutorial capacity and is immune from suit. Therefore, Plaintiff's claim that his constitutional rights were violated by defendant Murphy will be dismissed for seeking monetary relief from an immune defendant, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

6

3.  <u>Plaintiff's State Law Claims</u>

Plaintiff also makes allegations against the defendant for slander.  This is a state law claim.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss Plaintiff's potential state law claims, without prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed.  An appropriate Order follows.


  s/ Jerome B. Simandle
  JEROME B. SIMANDLE
  United States District Judge

Dated:   **December 21, 2006**

7